## Simon v. Allegheny-Pittsburgh Coal Co.

*Donald L. Hankey* and *Arnold M. Replogle*, for plaintiff.

*Challener & Challener, Edward O. Tabor,* and *Kenneth M. Bixler, for* defendant.

EGAN, J., January 26, 1939.—Defendant's affidavit of defense raising questions of law requires a determination of plaintiff's right to maintain this action in trespass, in view of the Act of June 4, 1937, P. L. 1552, and its supplement, the Occupational Disease Compensation Act of July 2, 1937, P. L. 2714.

The statement of claim contains allegations that plaintiff contracted pneumoconiosis or silicosis while employed by defendant as a coal miner, and that the contraction of said disease resulted from its negligence. There are also averments that the disease was contracted and fully

established as early as June 16, 1936, and this date is given as the final one on which plaintiff worked for defendant or for any other person, and an averment that his earning power has been permanently impaired and destroyed. The summons in trespass was issued January 29, 1938, this being within two years of the negligence of which plaintiff complains.

Between June 16, 1936, and January 29, 1938, two great changes in The Workmen's Compensation Act of June 2, 1915, P. L. 736, were effected by the legislature: One was the Act of June 4, 1937, supra, and the other the Act of July 2, 1937, supra. These acts on occupational diseases went into effect January 1, 1938, 28 days prior to the issuance of the summons in this case. Defendant contends that the only remedy available to plaintiff after January 1, 1938, was the filing of his claim under the provisions of these acts. Plaintiff contends that inasmuch as there was no agreement, express or implied, under which plaintiff and his employer had contracted to be bound by The Workmen's Compensation Act concerning occupational diseases he could exercise his common-law right of suit in trespass and trial by jury.

A determination of the legal question involved in this case requires an examination of the release clause of The Workmen's Compensation Act. Section 302 of The Workmen's Compensation Act of 1915, supra, is as follows:

"(a) In every contract of hiring made after December thirty-first, one thousand nine hundred and fifteen, and in every contract of hiring renewed or extended by mutual consent, expressed or implied, after said date, it shall be conclusively presumed that the parties have accepted the provisions of article three of this act, and have agreed to be bound thereby, unless there be, at the time of the making, renewal, or extension of such contract, an express statement in writing, from either party to the other, that the provisions of article three of this act are not intended to apply, and unless a true copy of such

written statement, accompanied by proof of service thereof upon the other party, setting forth under oath or affirmation the time, place, and manner of such service, be filed with the Bureau within ten days after such service and before any accident has occurred." Section 303 of said act reads as follows:

"Such agreement shall constitute an acceptance of all the provisions of article three of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment, or to any method of determination thereof, other than as provided in article three of this act."

It is apparent from an examination of these sections that The Workmen's Compensation Act did not eliminate the common-law remedy of suit in trespass. After the passage of the act both remedies existed and the forum depended upon the steps taken by the employer or employe at the time of making, renewing, or extending the contract of hiring. If proper notice were given and filed, The Workmen's Compensation Act would not apply if injury or death resulted to the workman. In the case before us no such notice was given, and defendant argues that because of this failure to give notice the provisions of section 302 that "it shall be conclusively presumed that the parties have accepted the provisions of article three of this act, and have agreed to be bound thereby," govern the remedy and the forum open to plaintiff, to wit, a claim under The Workmen's Compensation Act as amended. One significant averment in the statement of claim has an important bearing upon the answer to this argument. Plaintiff pleads employment with defendant from 1926 to June 16, 1936, and he avers that he worked "until on or about June 16, 1936, when he was compelled to quit work with defendant corporation . . . [and] has been unable to work at any employment since the said 16th day of June, 1936". On this date when he quit work plaintiff had only a common-law right to sue in trespass

for the damages he alleges he sustained. From and after June 16, 1936, no employment or contract of employment, and no renewal or extension of the 1926 employment existed between plaintiff and defendant, and no provision or stipulation, express or implied, existed under which it could be assumed that plaintiff would accept or be entitled to the benefit of any amendment to The Workmen's Compensation Law enacted subsequent to June 16, 1936. When the 1937 amendments became the law of this Commonwealth on January 1, 1938, no status of employer and employe existed from which it could be presumed that the parties agreed to be bound by the remedies under this new legislation; nor can we find any obligation on plaintiff's part to notify his former employer before January 1, 1938, that he would not be governed by the 1937 enactments concerning occupational diseases, where the pleadings disclose a complete severance of the relation of employer and employe on June 16, 1936.

If plaintiff's case were founded on alleged facts showing a contraction of the disease prior to January 1, 1938, and a continuation of the relationship of employer and employe through and beyond January 1, 1938, then it would follow that plaintiff's only remedy would be an application for compensation under the 1937 amendments. But in this case plaintiff pleads the termination of his employment on June 16, 1936, and therefore no presumption arises under sections 302 and 303 of The Workmen's Compensation Act limiting plaintiff to his remedy under that act and its amendments. The question of law raised by defendant will be decided against it, with permission to file an affidavit of defense to plaintiff's statement of claim.

### Order

And now, January 26, 1939, the questions of law raised by defendant in its affidavit of defense are decided against defendant, and defendant is allowed 15 days within which to file an affidavit of defense to the merits of the action.